BUHL v. STEPHENS et al.

(Circuit Court, D. Indiana. February 8, 1898.)

No. 9,319.

1. STATUTE OF FRAUDS—AGREEMENT TO BE PERFORMED WITHIN ONE YEAR.
    An agreement by which a licensee of a process is given exclusive rights for one year, with the option to then surrender his claim, or to continue his exclusive rights for the further term of sixteen years, is a contract "not to be performed within one year from the making thereof," and hence unenforceable under the statute of frauds, unless in writing.

2. LICENSE—ELECTION NOT TO TERMINATE.
    Where a license for the exclusive use of a process allows the licensee within one year to elect to either abandon or continue it, his suit pending the year to restrain violation of it by the licensor constitutes a final election, and renders the agreement mutually obligatory.

3. STATUTE OF FRAUDS—CONFLICT OF LAWS—LAW OF FORUM.
    A statutory prohibition in a given state against actions upon oral agreements not to be performed within one year relates to the remedy and procedure, and is, therefore, applicable to an action in that state, although brought upon a contract valid and enforceable under the laws of the state where it was made and was to be performed.

4. PLEADING—STATUTE OF FRAUDS.
    In a suit in equity to enjoin the violation of a contract, an answer denying the making of the contract is sufficient to let in the defense of the statute of frauds.

5. FEDERAL COURTS—STATUTE OF FRAUDS—EFFECT OF STATE STATUTE.
    The statute of frauds of a state is applicable to a suit in equity brought in a federal court of that state.

6. EQUITY JURISDICTION—BILL TO RESTRAIN VIOLATION OF LICENSE.
    Where an exclusive licensee of a process seeks relief for alleged violation thereof by the licensor, the suit is properly one of equitable cognizance, both because an action at law would not afford such certain, complete, and beneficial relief, and because it would be impossible at law to accurately determine how much the complainant would lose from inability to secure his exclusive rights.

A. W. Hatch and Tanner & Whitla, for complainant.
Ryan & Thompson and Elliott & Elliott, for defendants.

BAKER, District Judge. This is a suit in equity, brought on February 24, 1896, by Frank H. Buhl, a citizen of the state of Pennsylvania, against John Stephens and the Midland Steel Company, cit-

izens of the state of Indiana, for a perpetual injunction enjoining and restraining the defendants from violating a parol license for a process for the manufacture of polished steel plates. It is alleged in the bill of complaint that on December 31, 1895, an oral agreement was entered into by the defendant John Stephens, the inventor of the process, with the complainant, Frank H. Buhl, "whereby it was agreed that your orator should have the sole and exclusive right to manufacture and sell the product made by defendant's process; your orator to have one year in which to develop said process, at the end of which time he should surrender his claim to the exclusive license to use said process, and thereby terminate said contract, or, should he elect to continue to use the process, pay said Stephens a royalty of five dollars per ton, based on a selling price of the product of five cents per pound, the royalty to increase or decrease in proportion as the selling price of the product should increase or decrease, your orator agreeing to manufacture not less than one hundred and fifty tons per month, or, in any event, to pay royalty on that amount, and to keep account books open to the inspection of said Stephens, showing the amount of product manufactured and sold; and, further, that the process should be kept secret, and confined exclusively to your orator and Stephens." The bill was put at issue, and referred to the master to take the proofs, and report his findings to the court. In his report he finds "that the defendant Stephens did enter into the contract with the complainant, Buhl, as alleged in the bill of complaint; and that the contract, according to Buhl's evidence, which is not denied by Stephens, was to continue for the life of the patent,—a term of seventeen years." The master finds that the complainant has made a case entitling him to the relief prayed for, unless his right to such relief is barred by the statute of frauds of this state, which provides that "no action shall be brought upon any agreement that is not to be performed within one year from the making thereof, unless the promise, contract, or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized." Horner's Ann. St. 1897, § 4904. The agreement was made in the state of Pennsylvania, where it was to be performed, between the complainant and defendant Stephens, who were each at the time citizens of that state. The agreement is valid, and is provable by parol testimony by the law of that state, where there is no statute rendering parol contracts not to be performed within a year invalid or nonenforceable. The master finds that the oral agreement sued upon is not enforceable, and recommends that the bill should be dismissed. The complainant excepts to the master's report for error (1) in finding that the agreement was one not to be performed within one year from the making thereof; (2) in finding that the statute of frauds of the state of Indiana is a bar to the maintenance of the suit.

On the hearing upon the exceptions, counsel for the defendants pressed upon the court various grounds upon which it was contended that the suit was not maintainable. It was urged that there was a

plain, adequate, and complete remedy at law for the recovery of damages for the breach of the agreement, and hence that the court could not entertain the present suit. An action at law would not afford relief so certain, complete, and beneficial to the complainant as would a decree for the specific performance of the contract. The value of the process cannot be accurately ascertained in an action at law. Hence it would be impossible, with any approach to accuracy, to determine how much the complainant would lose from inability to secure the exclusive use of the process. For these reasons the suit must be held to be properly one of equitable cognizance. Indianapolis Water Co. v. American Strawboard Co., 53 Fed. 970, 977; Binney v. Annan, 107 Mass. 94; Adams v. Messinger, 147 Mass. 185, 17 N. E. 491.

It was also contended that specific performance could not be enforced, because there was no proof of a certain, complete, and definite agreement, and because there was no mutuality in the agreement, and it was inequitable, as it was optional with the complainant for the period of one year whether or not it should be carried into effect. This suit was brought within two months after the agreement had been made, and ten months before the expiration of the option. The complainant had one year in which to develop the process, at the end of which time he was at liberty to accept or reject the agreement. It is manifest that the option was reserved for the benefit of the complainant. The defendant Stephens was in no way interested in the proposed development of the process during the year. However much the process may have been developed and perfected, he was to receive no advantage therefrom. He had parted with the exclusive use of the process, and it was to his advantage to have the option determined at once. The bringing of the suit constitutes an affirmation of the agreement, and a waiver of the complainant's right to await the expiration of the year before electing to become bound by the agreement beyond his power of revocation. The agreement does not lack mutuality because the complainant had the right until the end of the year to terminate it. He was not bound to await the expiration of the year, but whenever within that time he elected to accept the license upon the stipulated terms, the agreement became mutually obligatory. Johnston v. Trippe, 33 Fed. 530, 536. The agreement rests upon a sufficient consideration, and is not inequitable or unequal in its terms. The agreement was, as has been said, for the sale of the exclusive use of a process for the manufacture of polished steel plates. No limitation of the term for which the license was to run is fixed by the contract set out in the bill of complaint. But the master finds that it was to continue in force for the period of 17 years. During this term the complainant was bound to pay for the right to such exclusive use not less than $750 per month.

It was contended by counsel for complainant that the statute of frauds did not apply, because the agreement does not appear from its terms to be incapable of performance within the year. The true construction of the clause of the statute of frauds which requires a memorandum in writing of "any agreement which is not to be per-

formed within one year from the making thereof" is elaborately considered in Warner v. Railway Co., 164 U. S. 418, 17 Sup. Ct. 147. It is there held that this clause of the statute only applies to agreements which, according to the true intention of the parties as shown by the terms of their contract, cannot be fully performed within a year, and not to an agreement which may be fully performed within the year, although the time of performance is uncertain, and may probably extend, and may have been expected by the parties to extend, and does in fact extend, beyond the year. Tested by this rule, it is plain that the present agreement falls within the condemnation of the statute. The agreement, by its terms, as found by the master,—and, in my opinion, correctly,—cannot be fully performed until the expiration of the period of 17 years. It is incapable of full performance, according to the true intent of the parties as disclosed by the agreement, within one year from the making thereof. The case of Packet Co. v. Sickles, 5 Wall. 580, 595, is decisive of this question. As has been said, the agreement was entered into and was to be performed in the state of Pennsylvania, and was by the law of that state valid, and provable by parol testimony. If the statute of frauds of the state where the contract was made and to be performed enters into and forms a part of the obligation of the contract, as distinguished from the remedy for the enforcement of it, the agreement in suit would be enforceable here. The general rule of the law, with some exceptions, not necessary to be stated here, is that a contract valid by the law of the place where made and to be performed is valid everywhere. Counsel for complainant earnestly contend that, the oral agreement being valid, and provable by oral testimony by the law of Pennsylvania, is valid and provable by the like testimony here, notwithstanding the statute of frauds of this state forbids the maintenance of a suit upon such oral agreement. It may be considered as settled that whatever relates to the remedy, and constitutes a part of the procedure, is determined by the law of the forum; but whatever goes to the substance of the obligation, and affects the rights of the parties growing out of the contract itself, or inhering in it, is governed by the lex loci contractus. The provision of our statute is copied from the fifth clause of the fourth section of the English statute of frauds (29 Car. II. c. 3), and in the case of Leroux v. Brown, 12 C. B. 801, where the precise question now involved arose, it was held, upon great consideration, that this clause of the statute affected the remedy only. A recovery was denied in an action upon an oral contract not to be performed within a year, which was made in France, where it was capable of proof by parol evidence. The doctrine established by this case has been uniformly adhered to by the English courts, and has been followed or cited with approbation by many American courts, and it has met with the general approval of text writers. The case of Leroux v. Brown, supra, has been criticised somewhat on the distinction there drawn between the fourth and seventeenth sections of the statute, to the point that the former section related to the remedy and the latter to the obligation or validity of the contract. This distinction has not met with general

approval, and it has been held in some of the later cases that both sections relate to the remedy. Leroux v. Brown is cited with approval by the supreme court in Pritchard v. Norton, 106 U. S. 124, 134, 1 Sup. Ct. 102. The language of the statute clearly imports that the agreement precedes the written memorandum, and may exist as a complete and valid agreement, independent of the writing. The memorandum is merely the evidence by means of which the agreement is to be established, and may be made at any time after the completion of the agreement. Any letter, telegram, or admission in an answer to a bill in equity stating the terms of the agreement is sufficient to satisfy the requirements of the statute. It cannot well be contended that a recital of the terms of a prior oral agreement constitutes the agreement itself. The statute relates simply to the nature or quality of the evidence necessary to establish the agreement, and does not touch the obligation or validity of the agreement when admitted or properly proved. Heaton v. Eldridge (Ohio) 46 N. E. 638, and cases there cited. The statute of frauds is as binding upon a court of equity as upon a court of law, and accordingly equity will not relieve against the simple moral wrong of refusing to perform an agreement which the statute forbids the court to enforce. 8 Am. & Eng. Enc. Law (1st Ed.) p. 737, and cases cited in note 5.

The denial in the answer of the defendants of the making of the contract on which the complainant bases his suit is as effective for letting in the defense of the statute of frauds as if the existence of the statute had been specifically pleaded, and the benefit of it claimed. May v. Sloan, 101 U. S. 231; Dunphy v. Ryan, 116 U. S. 491, 6 Sup. Ct. 486; Buttemere v. Hayes, 5 Mees. & W. 456. Under section 34 of the judiciary act of September 24, 1789, it has been uniformly held that the statute of frauds as well as the statute of limitations of the state are applicable to the courts of the United States in actions at law. Packet Co. v. Sickles, supra; Warner v. Railway Co., supra; Leffingwell v. Warren, 2 Black, 599. It has been held, in the absence of any legislation by congress on the subject, that the statute of limitations of the state where the suit was brought is applicable to suits in equity in the courts of the United States. Lewis v. Marshall, 5 Pet. 470. It has also been held that the statute of frauds of the state where the suit is brought is applicable to a suit in equity in a court of the United States. Randall v. Howard, 2 Black, 585; May v. Sloan, supra. This rests upon the familiar maxim, "Acquitas sequitur legem." It would certainly be an anomaly if a parol agreement were to be held invalid because not provable on the law side of the court for want of a written note or memorandum, while it is to be held valid and provable by parol testimony on the equity side of the same court. In my judgment, no such anomaly exists. On the whole, the court is of opinion that the agreement set out in the bill of complaint is not provable by parol, and therefore the exceptions to the master's report will be overruled. The bill is dismissed for want of equity at complainant's cost.