CHARLES B. OLIVER & others vs. GEORGE W. GALE
& others.

Essex.    June 17, 1902. — June 18, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Municipal Corporations.    Board of Health.*

A town board of health transcends its powers in attempting to award a contract
under R. L. c. 25, § 14, for the removal of ashes and garbage in violation of a
direction contained in the vote of the town making the appropriation that the
work should " be let out to the lowest responsible bidder."

PETITION, filed April 23, 1902, under St. 1898, c. 490, of ten
taxable inhabitants of the town of Saugus to enjoin the performance of a certain contract attempted to be made by the board of
health of that town.

In the Superior Court *Braley*, J. made a decree dismissing
the petition ; and the petitioners appealed.

*H. T. Lummus & C. N. Barney*, for the petitioners.

*C. Leighton*, for the respondents.

HOLMES, C. J.    This is a petition by ten taxable inhabitants
of the town of Saugus to prevent the carrying out of a contract
made by the town board of health for the removal of ashes and
garbage.    The ground is that the town appropriated $1,600 to
be spent under the direction of the board of health, " the work
to be let out to the lowest responsible bidder " ; and that the
board of health has awarded the contract to one who was not the
lowest responsible bidder.    The judge of the Superior Court dismissed the petition and the case is here on appeal.    The only
question is whether the contract was unauthorized because of
the departure by the board from the requirement quoted from
the town vote.

We are of opinion that the board transcended its powers.
This case is not like those where some other representative body
has undertaken without authority to make a law for the board,
as in *Goddard* v. *Lowell*, 179 Mass. 496.    It is a case where the
principal of the contract, the party that is to be bound by it
when made, has given directions with a view to insure being

dealt with honestly. It has not undertaken to interfere with the conduct of the board in matters requiring and confided to the special knowledge of the members. It would need a clear expression on the part of the statutes before we could suppose that such a right of self protection was taken away from towns.

We assume that the powers of the board in question are derived from R. L. c. 11, § 338, providing for the election of such boards; R. L. c. 25, § 14, authorizing towns to provide for the disposal of their garbage, refuse and offal by contract for a term of years, "made by the selectmen, board of health or other officers having charge thereof"; R. L. c. 75, § 10, authorizing such boards to employ the necessary agents to execute the health laws and their regulations, and § 65 of the same chapter authorizing them to remove sources of filth. It will be observed that in the section dealing with contracts it is implied that whoever makes the contract is at least for that purpose an agent of the town, and that some officer other than either the selectmen or the board of health may be deputed to take charge of the affair.

It is evident on the bill that the board proceeded under R. L. c. 25, § 14. It was not acting upon some special exigency in the exercise of summary powers, but was making a contract in the name of the town that extended beyond matters offering even a remote threat to health and that pertained to general municipal administration. The fact that the contract was for less than a year, from May 1, 1902, to January 1, 1903, does not take it out of the section, whether the words "a term of years" be interpreted as meaning simply a limited time certain or be taken literally and regarded as an enlarging phrase — an authority to make contracts which may extend to a term of years.

It is true that the vote of the town is not directed specifically to the work of removing garbage, but the phrase in the vote refers with sufficient clearness to a case where the board of health is to make a contract for work on behalf of the town for which the town is to be liable. In view of the circumstances set forth, it is not to be construed as referring to employment of agents of the board of health. The only contract contemplated was the one in question.

*Decree for petitioners.*