### KIRCH v. OAKDALE MILLING CO. ET AL.
(No. 1158; January 27, 1925; 232 Pac. 784)

CONTRACTS—CONSIDERATION—OPTION TO RE-SELL STOCK—AGREEMENT TO RE-PURCHASE STOCK—CORPORATIONS—NOTICE OF EXERCISE OF OPTION.

1. A stockholder may make a promise in consideration of acceptance by another of an office that has been regularly tendered him by the corporation.
2. A promise by a stockholder in consideration of acceptance by another of an office in corporation is opposed to public policy if made for a dishonest or fraudulent purpose, but burden of proving such purpose rests on party alleging it.
3. Where sellers of stock agreed to repurchase stock up until a designated time, if purchaser so desired, it constituted an offer which could not be withdrawn before such designated time, and, if purchaser exercised option, sellers became bound to repurchase his stock.
4. Where seller, agreed to repurchase stock up until a designated time if purchaser so desired, in order to complete contract, purchaser must assent thereto by exercise of option, and where he commenced action against sellers to enforce such agreement he thereby manifested his intention to exercise option and a prior notice was unnecessary.

APPEAL from District Court, Fremont County; CYRUS O. BROWN, Judge.

Action by L. J. Kirch against the Oakdale Milling Company and others to enforce an agreement for the re-purchase of stock sold plaintiff. There was judgment for defendants, and plaintiff appeals. The material facts are stated in the opinion.

*O. N. Gibson* for appellant.

Plaintiff's purchase of the stock was the consideration for defendant's agreements to buy it back at the option of plaintiff. Defendants offered no evidence in support of the new matter set up in their answer. The obligation imposed by the acceptance of the offer was a consideration, 13 C. J. 355; Ruse v. Tuttle, (Cal.) 110 Pac. 813; Bank v. Co., (Minn.) 150 N. W. 1084; the instrument itself imports a consideration, 4597-4599 C. S. 21 Am. & En. Enc. 890; the answer admits the consideration; defendant assumes the burden of its defense, 22 C. J. 74-75, 13 C. J. 760; the tender of performance and demand for payment established appellant's right to recover; I Beach Contr. 49; 13 C. J. 272; Capply v. Aigeltnger, (Cal.) 140 Pac. 1073, and cases cited in footnotes. The defense was unavailing even if proven, 13 C. J. 512; Kennedy v. Lonabaugh, 19 Wyo. 353; Conradt v. Lepper, 13 Wyo. 472; an acceptance of an unrevoked offer constitutes a binding contract, 13 C. J. 355; Wheaton v. Rampacker, 3 Wyo. 442; Frank v. Stratford-Handcock, 13 Wyo. 37. The instrument imports a consideration, 4597-4998 C. S. 21 Am. & En. Enc. 890; Monro v. Co., (Wash.) 92 Pac. 280, 21 C. J. 1099; private seals not being essential, written instruments import consideration; Fiscal Court v. Co., (Ky.) 204 S. W. 77; the answer is in the nature of a confession and avoidance, thus placing the burden of proof on defendant, 22 C. J. 74. The commencement of an action tendering performance and demanding payment dispensed with prior notice, demand or tender, I Beach Contr. 49; 13 C. J. 272; Richards v.

Green, 23 N. J. Eq. 536; Estes v. Furlong, 59 Ill. 298; Maughlin v. Perry, 35 Md. 352; House v. Jackson, (Ore.) 32 Pac. 1027. Non residence and absence from the State excused notice, demand and tender before suit; Dougherty v. Rice, 186 Fed. 213; Christiansen v. Adrich, (Mont.) 76 Pac. 1007, 13 C. J. 665; 1 C. J. 979-80; Bunce v. McMahon, 6 Wyo. 24; Boswell v. Bank, 16 Wyo. 161. The alleged defense even if proven would have been without merit, 13 C. J. 512; Kennedy v. Lonabaugh, supra.

*Geo. H. Paul, H. C. Brome* for respondent.

There was no acceptance of the offer to re-purchase. There was no consideration in the agreement to re-purchase. Lucas v. Millieen, 139 Fed. 816; 6th Fletcher Cyc. Corp. 3850. The agreement lacked mutuality; Henderson v. Phillips, 187 Fed. 374; Kennedy v. Lonabaugh, 19 Wyo. 353; the agreement to employ plaintiff was against public policy and void; 82 Mich. 241; Wilbur v. Stoepel, 82 Mich. 344; a contract to secure appointment to office is void; Bensinger v. Kantzerm, 112 Ill. Ap. 293; an agreement between a part of the stockholders of a company with one purchasing stock that he will be employed is void, 130 Mass. 501; Cook Corps. 1345; Vol. 2 Pomeroys Eq. 1345; 125 U. S. 507; Van Slyke v. Andrews, 12 A. L. R. 1068; notice of the exercise of an option to re-sell was not given and this defeats the action, 20 R. C. L. 344; Roger v. Burr, 105 Ga. 432. The rule applies to the agreement for the re-purchase of stock, 20 R. C. L. 344; Hoban v. Hudson, L. R. A. 1916 B. 1114. It was merely an unaccepted offer, 13 Cyc. 266.

Kimball, Justice.

The plaintiff sought by this action to recover from defendants, Oakdale Milling Company, a Nebraska corporation, and E. V. Dunkin, $2000, the par value of 20 shares of the capital stock of Riverton Elevator Company, a Wyoming corporation. Judgment was for defendants on a

general finding, and the plaintiff appeals.. The nature of the questions involved requires a statement of some of the allegations and admissions of the pleadings.

The amended petition alleges that on May 28, 1921, the defendants, the Milling Company and Dunkin, as parties of the first part, and the plaintiff, as party of the second part, entered into a written contract providing:

"That parties of the first part agree that if, on or before July 15, 1922, said party of the second part desires to dispose of his interest amounting to not more than twenty shares of stock in the Riverton Elevator Company, a Wyoming corporation, that they, the parties of the first part, will purchase same at One Hundred Dollars ($100.00) per share, said amount representing the par value of said Riverton Elevator Company stock."

The amended petition alleges further that in reliance upon said agreement the plaintiff, for the sum of $2000, purchased 20 shares of the capital stock of the Elevator Company; that he desires to dispose of said stock, and is able, willing and ready to deliver the certificate therefor duly assigned to defendants upon the payment of said sum of $2000 by them to him; that the defendants are non-residents of Wyoming and by their absence from the state have deprived the plaintiff of the opportunity to advise them of his desire to dispose of said stock, to demand payment therefor, or to tender said certificate; that there is no market for said stock, and plaintiff is informed and believes, and therefore alleges the fact to be, that said defendants do not desire or intend to carry out their agreement to purchase it. The plaintiff brought the stock certificates into court for delivery to defendants.

The answer alleges that the contract relied upon by plaintiff is *ultra vires* the Milling Company, but this defense was not urged at the trial and is not the subject of any argument in this court. It is recited in the answer that:

"The defendants admit that they do not desire to carry out the terms of said agreement for the reason that there is a total lack of consideration for the entering into of said agreement, and that the said agreement is based on other agreements  *  *  *  not mutual or binding as between the parties therein."

Then defendants' contention as to the consideration for the contract is more fully stated as follows:

"That on the said 28th day of May, 1921, the purported agreement  *  *  *  was entered into between the plaintiff and the defendants, and the consideration for entering into said agreement is as follows:

That at said time the plaintiff agreed to and with the defendants to purchase twenty shares of the stock of the Riverton Elevator Company at the par value of $100 per share, aggregating in amount the sum of $2000, on condition that the defendants would secure for plaintiff the position of manager of the Riverton Elevator Company at a salary of $250 per month, and ten per cent. of the proceeds of the business, and further agreed, as set out in said memorandum of agreement, that in the event the plaintiff was dissatisfied with his agreement within one year that the defendants would buy from the plaintiff, as set out in said memorandum of agreement, not more than twenty shares of stock in the Riverton Elevator Company, a Wyoming corporation, which said agreement is set out in full in plaintiff's original petition filed in this cause and sworn to by plaintiff as being the entire agreement entered into between the plaintiff and the defendants."

It is then alleged that there is no other consideration for the said agreement, and that the agreement "is against public policy, and void." It is admitted that the stock of the Riverton Elevator Company is worthless, and alleged that it became so as the result of the mismanagement of the company's affairs by the plaintiff.

The reply denies the allegations of the answer, except as expressly admitted, and, among other things, alleges that:

"Prior to the 28th day of May, 1921, the officers and Stockholders of Riverton Elevator desired to procure the services of plaintiff as manager of said company and had offered him that position at the salary alleged in the answer. The defendants also desired that plaintiff should accept said position, and solicited plaintiff to do so. In order to induce plaintiff to accept the position offered and become manager of said company, and also and especially to induce plaintiff to buy their said stock in said company, the defendants offered to and did enter into the agreement alleged in the petition."

At the trial the plaintiff introduced evidence to prove the execution of the writing set forth in the petition, and the absence of defendants from the state. The defendants introduced no evidence. It is stated in the briefs that the trial court gave judgment for defendants because there was no communicated acceptance of their offer to repurchase the stock. Defendants' counsel argue that the judgment was right for that reason, and, also, because the consideration for the contract to repurchase was either lacking or illegal. We shall first notice the contentions as to the consideration.

The petition alleges that the plaintiff purchased the stock in reliance on defendants' promise to repurchase it if plaintiff desired to sell. The answer admits that plaintiff's purchase of the stock was a consideration for defendants' promise to repurchase, and it is not contended that this consideration was insufficient or invalid. It is contended, however, that there was an additional consideration, namely, defendants' promise to secure for plaintiff the office of manager of the corporation, and that this promise was opposed to public policy and made the con-

tract illegal. For the principle and cases relied on see Williston on Cont. Secs. 1726, 1736; Cook on Corp. (8th Ed.) Sec. 622a; note 12 A. L. R. 1070.

The defendants do not claim that they did not have the burden of proving the alleged illegal promise, but seem to claim that the admission in plaintiff's pleadings rendered such proof unnecessary. We cannot accept this view as to the effect of the pleadings. The amended petition contained no reference to the plaintiff's employment as manager of the corporation. The reply did not admit that the defendants promised to procure for plaintiff the office of manager, but alleged that the office had been already offered to plaintiff by the corporation, and that the defendants, desiring that plaintiff accept the office, solicited him to do so. This may be taken as an admission by plaintiff that there was an additional consideration, namely, plaintiff's promise to accept the office of manager. If that be so, the promise was performed, for it is admitted that plaintiff accepted the office. Neither the promise nor its performance was opposed to public policy. If it be conceded that the promise of a stockholder for a consideration enuring to himself to procure for another an office in the corporation is invalid, and that defendants' answer pleaded such a promise, a judgment for defendants could not be upheld on that ground in the absence of proved or admitted facts to warrant a finding that such a promise was made. We think a stockholder may make a promise in consideration of the acceptance by another of an office that has been regularly tendered him by the corporation. That is the effect of the promise alleged in the reply. Such a promise, no doubt, may be held to be opposed to public policy if made for a dishonest or fraudulent purpose, but the burden of proving that purpose would rest on the party alleging it. Stickney v. Hughes, 12 Wyo. 397, 413, 75 P. 945, 13 C. J. 760. And see: Almy v. Orne, 165 Mass. 126, 42 N. E. 561; Kregor v. Hollins, 109 L. T. Rep. 225.

We are therefore of the opinion that under the pleadings, and in the absence of evidence to prove the allegations of the answer, the writing of May 28, 1921, was supported by a sufficient consideration and valid.

The effect of that writing is yet to be considered. It was at least an option given for a consideration and, therefore, an offer or conditional promise that could not be withdrawn before July 15, 1922. If, before that date, the plaintiff exercised the option, or accepted the offer, the defendants became bound to buy plaintiff's stock as promised in the writing. Williston on Cont. Secs. 25, 61. The question is, whether the plaintiff was precluded from recovery because he did not before suit communicate to defendants notice of his election to exercise the option. It is of course true that the contract for purchase of the stock became binding only when it had the mutual assent of the parties. The defendants' assent was manifested by the writing, and could not be withdrawn. Before the contract was complete, the plaintiff also must have assented thereto by manifesting to defendants his intention to sell. The plaintiff pleaded that defendants' absence from the state deprived him of the opportunity of communicating his intention, and cites cases in which it has been held unnecessary to make a tender to a party who cannot be found in the state. We doubt whether these cases have any application to the communication of a notice of election to exercise an option, or of the acceptance of an offer, but a decision of that point is unnecessary under the facts of the case. There are other reasons that lead us to believe that the plaintiff's failure before suit to communicate his intention to sell should not have been held fatal.

The action was commenced and actually tried before the expiration of the time given plaintiff for the exercise of the option. The defendants in their answer positively asserted their intention to resist the enforcement of the agreement because the option contract was illegal and void, and it is at least doubtful whether the answer was

drawn with any intention of challenging the agreement on any other ground. The filing of the action made manifest to defendants the plaintiff's intention to exercise the option, and it is clear that an earlier notice would have been useless.

A similar question has frequently arisen in actions for specific performance of contracts to which the plaintiff has not assented except by the filing of his bill. In Pomeroy's Equity Jurisprudence, (4th Ed.) section 2195, in speaking of actions for the specific performance of contracts having their inception in options, it is said:

"There is nothing to enforce in equity before the exercise of the option, as the promisee has already obtained his right to have the offer kept open. Upon the exercise of the option, i. e., the acceptance of the offer,—and the filing of the bill by the promisee would be one way of exercising it,—the option ceases as an option, and equity has an ordinary bilateral contract to deal with."

That the filing of such a bill may be a sufficient exercise of an option finds ample support in the cases. O'Brien v. Boland, 166 Mass. 481, 44 N. E. 602; Buhl v. Stephens, (C. C.) 84 Fed. 922; Copple v. Aigeltinger, 167 Calif. 706, 140 P. 1073; Estes v. Furlong, 59 Ill. 298, 302; Maughlin v. Perry, 35 Md. 352; Richards v. Green, 23 N. J. Eq. 536; Woodruff v. Woodruff, 44 N. J. Eq. 349, 16 A. 4, 1 L. R. A. 380.

The object of the notice of intention to exercise an option is to supply the mutual assent necessary to a binding contract. If, as we have said, the present suit was a sufficient and timely notice of plaintiff's intention to exercise his option, we can see no good reason for putting him out of court because of his failure to give an earlier notice which it is clear would have been a mere formality. The only result of a judgment against plaintiff on such a

ground would be to compel him to bring another action in which he could rely upon this action as notice of his intention to exercise the option.

The judgment is reversed, and the cause remanded for a new trial.

*Reversed and Remanded.*

POTTER, Ch. J., and BLUME, J., concur.