ROY P. MARBLE *vs.* TOWN OF CLINTON.

Worcester.    April 8, 1937. — July 1, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Municipal Corporations*, Contracts, By-laws and ordinances. *Contract*, With municipality, Performance and breach. *Words*, "Execution," "Necessarily extend beyond one year."

By-laws of a town forbidding the making in its behalf of contracts requiring expenditures without a previous appropriation therefor, and of contracts not to be performed within one year, were valid limitations upon the power of the town's board of health to make contracts for the disposal of garbage under G. L. (Ter. Ed.) c. 40, § 4.

A town by-law forbidding the making in its behalf of contracts calling for expenditures without a previous appropriation therefor did not require that, to make valid a contract calling for the performance of constantly recurring duties over a period of more than one year and payments at intervals during that period, there must be an appropriation of the entire sum which would be paid out under the contract.

A contract with a town to collect garbage for one year, with an option in the contractor to renew it for another year, was not within a by-law of the town forbidding the making of contracts the performance of which "shall necessarily extend beyond one year from the date thereof."

CONTRACT. Writ in the Second District Court of Eastern Worcester dated January 8, 1936.

The action was heard by *Buttrick*, J., who found for the plaintiff in the sum of $2,183.34. Upon report to the Appellate Division for the Western District, judgment was ordered entered for the defendant. The plaintiff appealed.

*M. C. Jaquith*, for the plaintiff.

*W. P. Constantino*, for the defendant.

LUMMUS, J. On December 11, 1933, a written contract was made between the defendant, acting by its board of health, and the plaintiff, whereby the plaintiff was to collect all garbage from the houses in Clinton for one year commencing on that day, and was to be paid $2,500 in twelve equal instalments. The contract provided: "Upon the completion of this contract said Marble is given the option

to renew for a further term of one year." On November 17, 1934, the plaintiff gave to the board of selectmen, which by vote of the town had succeeded to the duties of the board of health (G. L. [Ter. Ed.] c. 41, § 1), notice that he elected to renew the contract. Thereafter the defendant, instead of renewing, made a new contract with a third person for the collection of all garbage for the ensuing year. The plaintiff brings this action of contract for breach of the contract to renew.

During all the time in question the defendant has had a by-law as follows: "No town board, officer or committee, except as otherwise provided by law, shall in behalf of the town make any contract for labor, materials, or other expenditures for which no appropriation shall have been made at the time of such contract." Another by-law in force read: "No board or officer shall make any contract in behalf of the town, the execution of which shall necessarily extend beyond one year from the date thereof, unless special permission so to do has been given by the vote of the town."

The judge ruled that these by-laws did not invalidate the contract in question, though there was no appropriation and no vote of the town to satisfy the by-laws. The Appellate Division reversed his decision, and ordered judgment for the defendant. The plaintiff appealed.

G. L. (Ter. Ed.) c. 40, § 4, provides: "A town may make contracts for the exercise of its corporate powers and for the following purposes: For the disposal of its garbage, refuse and offal by contract for a term of years. Contracts for such disposal may be made by the selectmen, board of health or other officers having charge thereof. . . . " A contract for a year or less may be made under this statute, as well as one for a number of years. *Oliver* v. *Gale*, 182 Mass. 39. The town, as the principal in the contract, may direct the selectmen or board of health in making it. *Oliver* v. *Gale*, 182 Mass. 39. *Clarke* v. *Fall River*, 219 Mass. 580. *Tuckerman* v. *Moynihan*, 282 Mass. 562, 567, 568. We think that the by-laws in question were valid limitations upon the power of the board of health.

The next question is, whether the contract was invalid

because in contravention of either by-law. The by-law requiring a prior appropriation may be disposed of shortly, on the authority of *Clarke* v. *Fall River*, 219 Mass. 580, 586, in which this court said, "'Where the law authorizes the making of a contract for the performance of constantly recurring duties to run for more than one year, such a charter provision does not mean that the entire sum to be paid at regular intervals during several years must be appropriated at the start." 'See also *Wilson* v. *Brouder*, 291 Mass. 389, 393.

The other by-law, requiring a vote of the town before a board makes a contract "the execution of which shall necessarily extend beyond one year from the date thereof," requires more consideration. By "execution" the draftsman evidently meant "performance." A lease for five years, with an option in the tenant to renew for another five years, has been held "a lease for more than seven years." *Toupin* v. *Peabody*, 162 Mass. 473. *Leominster Gas Light Co.* v. *Hillery*, 197 Mass. 267. *Hand* v. *Hall*, 2 Ex. D. 318. *Hand* v. *Osgood*, 107 Mich. 55. *Donovan* v. *P. Schoenhofen Brewing Co.* 92 Mo. App. 341. But the by-law in question does not speak of a contract the performance of which may or shall extend beyond one year. It applies only to a contract which "shall necessarily extend" beyond one year.

The draftsman of the by-law apparently intended to express and adopt the settled construction of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fifth, by which the words "an agreement that is not to be performed within one year" have been held to apply only to an agreement that necessarily must require more than a year for performance. *Rowland* v. *Hackel*, 243 Mass. 160, 162. *Warner* v. *Texas & Pacific Railway*, 164 U. S. 418. Williston, Contracts (Rev. Ed.) § 495.

Contracts for service for more than a year, subject to termination within a year at the election of a party upon the happening of some event, or even at the mere will of a party, have generally been held to be within the statute. The contemplated performance would occupy more than a year. If the contract should be terminated within the year,

the result would not be an alternative form of performance, but excusable nonperformance. *Doyle* v. *Dixon*, 97 Mass. 208, 212. *Radio Corp. of America* v. *Cable Radio Tube Corp.* 66 Fed. (2d) 778, 784, 785. *Union Car Advertising Co. Inc.* v. *Boston Elevated Railway*, 26 Fed. (2d) 755, 759, 760. *Hanau* v. *Ehrlich*, [1912] A. C. 39. *Wagniere* v. *Dunnell*, 29 R. I. 580. *Meyer* v. *Roberts*, 46 Ark. 80. Williston, Contracts (Rev. Ed.) § 498.

On the other hand, where there is a contract for less than a year, with an option to extend it for another year, the result of either alternative may properly be called full performance of the contract. It may be performed in more than a year, or in less than a year. It cannot be said in such a case that performance will "necessarily extend beyond one year," to use the language of the by-law under discussion. *Smith* v. *Conlin*, 19 Hun, 234. *Brigham & Co.* v. *Carlisle*, 78 Ala. 243, 246. *Phoenix Ins. Co.* v. *Ireland*, 9 Kans. App. 644. See also *Ward* v. *Hasbrouck*, 169 N. Y. 407, 419. Compare *Buhl* v. *Stephens*, 84 Fed. 922. In *Roberts* v. *Rockbottom Co.* 7 Met. 46, a contract of employment for the term of five years or so long as a certain person should continue to be agent for the employer, was held not within the statute of frauds.

In the present case the contract is substantially one which permits a choice of two alternative performances. At the option of the plaintiff, performance may be finished within one year, or, after the formality of a new contract (*Shannon* v. *Jacobson*, 262 Mass. 463, 465, 466; *Klickstein* v. *Neipris*, 283 Mass. 91, 94; *Linden Park Garage, Inc.* v. *Capitol Laundry Co.* 284 Mass. 454, 460), performance may continue for two years. Since performance will not "necessarily extend beyond one year," the by-law does not apply.

The order of the Appellate Division is reversed, and judgment is to be entered for the plaintiff upon the finding of the trial judge.

*So ordered.*