ANNE K. DEEVY, PLAINTIFF-APPELLANT, v. O. JAMES PORTER, JAMES R. PORTER, WILLIAM H. JERVIS, WILLIS J. PORTER, BRUCE D. McCREARY, VERL L. LOVELL, MARIE J. PORTER, LAURA E. HUDSON, AND BILLIE J. PORTER, PARTNERS, DOING BUSINESS AS PORTER-URQUHART ASSOCIATED-O. J. PORTER & COMPANY, DEFENDANTS-RESPONDENTS.

Argued February 24, 1953—Decided March 16, 1953.

Mr. David Friedenberg argued the cause for appellant.

Mr. Edward V. Ryan, Assistant United States Attorney, argued the cause for respondents (Mr. Grover C. Richman, Jr., United States Attorney, Mr. Edward H. Hickey, Chief, General Litigation Section, Mr. Joseph Langbart, attorneys, United States Department of Justice).

The opinion of the court was delivered by

JACOBS, J.   The Appellate Division in Deevy v. Porter, 21 N. J. Super. 278 (1952), determined that the defendants were entitled to the entry of judgment under the provision in the statute of frauds prohibiting action on an oral agreement that is not to be performed within one year from the making thereof.   R. S. 25:1–5.   We granted certification upon the application of the plaintiff who expressly concedes that the oral employment agreement was for a year commencing on a date subsequent to its making (LaBett v. Heyman Bros., Inc., 13 N. J. Misc. 832 (Sup. Ct. 1935) affirmed 117 N. J. L. 115 (E. & A. 1936)), but contends that it was nevertheless not within the statute because the parties in their oral agreement also stipulated that the employees "could quit at any time."   At the argument of the appeal the plaintiff acknowledged that if this contention is held by this court to be without merit, then the judgment for the defendants must be affirmed without regard to other issues presented in her brief.

Our statute of frauds and its prototypes have been on the books for almost three centuries, but controversies still rage as to its meaning and efficacy.   See 2 Corbin, Contracts, (1950), § 275 et seq.   It was intended to guard against the

perils of perjury and error in the spoken word (Cardozo, J. in *Burns v. McCormick*, 233 *N. Y.* 230, 234, 135 *N. E.* 273, 274 (*Cl. App.* 1922)) and to protect defendants against unfounded and fraudulent claims. 2 *Williston, Contracts* (*rev. ed.* 1936), § 448. Many believe that it has generated as many frauds as it has prevented and have recommended its comprehensive revision or outright repeal. See *Corbin, supra; Williston, supra,* 1952 *Cumulative Supplement,* § 448. *Cf.* Burdick, *A Statute for Promoting Fraud,* 16 *Col. L. Rev.* 273 (1916). On the other hand others, including eminent judges within our own State, have lauded the statute and have deplored the tendency of courts to avoid its terms. See Zabriskie, C. in *Cooper v. Carlisle,* 17 *N. J. Eq.* 525, 529 (*E. & A.* 1866); Beasley, C. J. in *Lawrence v. Springer,* 49 *N. J. Eq.* 289, 292 (*E. & A.* 1892). In the *Springer* case the Chief Justice seemingly agreed with Lord Redesdale's sanguine notion that if "the statute had been rigorously observed the result would probably have been that few instances of parol agreements would have occurred." But *cf.* Lord Wright in 55 *L. Q. Rev.* 189, 204 (1939). Similarly, in the *Carlisle* case the Chancellor, in discussing equity's departure in certain instances from the plain words of the statute, said:

"The wisdom of the statute of frauds, in this respect, has been manifested by the many doubts and difficulties arising from this departure from it, and is further shown by the painful uncertainty of the parol evidence in this very case, and I fully agree with Chancellor Kent in his observations in *Phillips v. Thompson,* 1 *Johns. Ch. R.* 149. 'This case, like many others, shows the great utility of the statute of frauds, and the danger of relaxing the sanction of its provisions; I agree with those wise and learned judges who have declared that the courts ought to make a stand against any further encroachment upon the statute, and not to go one step beyond the rules and precedents established.' See also *German v. Machin,* 6 *Paige* [*N. Y.* 288] 293; 1 *Story's Eq. Jur.,* § 765."

See *Stone, The Province and Function of Law* (1950), 228. In any event, the policy underlying the statute and its continuance is legislative and our judicial function is to ascertain and apply it in the light of the authorities. Too

many years have passed and too many pertinent decisions have been rendered to permit us to embark on our own. In *Boydell v. Drummond,* 11 *East* 142, 159, 103 *Eng. Rep.* 958, 965 (1809) Justice Bayley pointed out that the policy of the statutory provision was to prevent "the leaving to memory the terms of a contract for longer time than a year"; however, this policy has not always been applied sympathetically. Thus, courts have on occasion suggested that even though the defendant promisor's oral promise is not to be fully performed within one year, the agreement is not within the statute if the other party's promise is to be fully performed within the year. See *Berry v. Doremus,* 30 *N. J. L.* 399, 403 (*Sup. Ct.* 1863); *Dennis v. Thermoid Co.,* 19 *N. J. Misc.* 614, 619 (*Cir. Ct.* 1941) affirmed on other ground 128 *N. J. L.* 303 (*E. & A.* 1942). But *cf.* Corbin, *supra,* § 456; *Restatement, Contracts,* § 198 (1932). Similarly it has been held that an oral agreement bearing no fixed term and possibly performable within the year is not within the statute though the completion of the performance within that time is most unlikely. See *Eiseman v. Schneider,* 60 *N. J. L.* 291, 293 (*Sup. Ct.* 1897); *Smith v. Balch,* 89 *N. J. Eq.* 566, 568 (*E. & A.* 1918); *Reynier v. Associated Dyeing & Printing Co.,* 116 *N. J. L.* 481, 484 (*E. & A.* 1936). On the other hand, where the oral agreement does bear a fixed term and is not to be performed within the year it is held to be within the statute even though the obligations thereunder may be terminable by operation of law well within the year; the most common illustration is an oral agreement for personal services for a fixed period exceeding one year but terminable by operation of law upon death. It is settled in our State and elsewhere that such agreement is within the statute. See *LaBetl v. Heyman Bros., Inc., supra; Corbin, supra,* § 447.

Although there is respectable authority to the contrary (*Corbin, supra,* § 449), a majority of the courts in the United States similarly hold that an oral employment agreement for a period exceeding one year is within the statute notwithstanding that it embodies an option to terminate at

the will of the parties. See *Wagniere v. Dunnell,* 29 *R. I.*
580, 73 *A.* 309, 310 (*Sup. Ct.* 1909) where the court stated
that

> "It is established by the great weight of authority that a contract
> for a definite term longer than a year is not excluded from the opera-
> tion of the statute of frauds because it contains a provision enabling
> either party to put an end to the contract within a year; the reason-
> ing of the courts being that the rescission of a contract is not the
> performance of it."

See also *Union Car Advertising Co. v. Boston Elevated
Ry. Co.,* 26 *F. 2d* 755, 760, 58 *A. L. R.* 1007 (*C. C. A.* 1
1928); *Marble v. Town of Clinton,* 298 *Mass.* 87, 9 *N. E.*
*2d* 522, 524, 111 *A. L. R.* 1101 (*Sup. Jud. Ct.* 1937); 49
*Am. Jur.* 393 (1943); 37 *C. J. S., Frauds, Statute of,* §
48, *page* 556 (1943). Professor Williston, stressing the dis-
tinction between performing a contract and being discharged
from liability under it, has approved the majority view
(*Williston, supra,* § 498), and it has been adopted in the
*Restatement.* See *Restatement, Contracts* (1932), § 198,
*Comment* (*c*). It is in full accord with English law. See
*Hanau v. Ehrlich,* (1912) *A. C.* 39; 7 *Halsbury's Laws of
England* (*2d ed.* 1932), 111. In the *Hanau* case Lord Al-
verstone differentiated the controlling lines of English cases,
saying:

> "The one class of cases decides that if there is no mention of time,
> and the time is uncertain, the agreement is not within the statute.
> The other class of cases decides that if the time mentioned is more
> than one year, but there is power to determine, the agreement is
> within the statute. I have never been able to see why this is not a
> perfectly good working construction of this statute."

Decisions by our Court of Errors and Appeals appear to
have followed this distinction. In *Reynier v. Associated
Dyeing & Printing Co., supra,* an oral employment agree-
ment bearing no fixed term and terminable by either party at
will was accordingly held enforceable, whereas in *Barnes v.
P. & D. Manufacturing Co.,* 123 *N. J. L.* 246, 249 (*E. & A.*
1939), enforcement of an oral five year contract was denied

though it apparently included a stipulation (117 *N. J. L.* 156, 162 [*E. & A.* 1936]) for earlier termination upon bankruptcy, assignment for the benefit of creditors, or the defendant's breach. In the course of its opinion in the *Barnes* case the court quoted with approval the following excerpt from *Marble v. Town of Clinton, supra*:

" 'Contracts for service for more than a year, subject to termination within a year at the election of a party upon the happening of some event, or even at the mere will of a party, have generally been held to be within the statute. The contemplated performance would occupy more than a year. If the contract should be terminated within the year, the result would not be an alternative form of performance, but excusable nonperformance. *Doyle v. Dixon*, 97 *Mass.* 208; *Radio Corp. v. Cable Radio Tube Corp.*, 2 *Cir.*, 66 *F.* 2d 778; *Union Car Advertising Co. v. Boston Elevated, &c.*, 1 *Cir.*, 26 *F.* 2d 755; *Hanau v. Ehrlich* (1912), *A. C.* 39; *Wagniere v. Dunnell*, 29 *R. I.* 580, 73 *A.* 309; *Meyer v. Roberts*, 46 *Ark.* 80; *Williston, Contracts (Rev. Ed.)*, § 498.' "

In the light of the foregoing, we are satisfied that in the instant matter the Appellate Division rightly determined that judgment should be entered for the defendants. Accepting the plaintiff's version of the oral agreement, though forcefully disputed at the trial, the parties bargained for a fixed-term employment agreement not to be performed within one year from its making within the meaning of the statute. Admittedly, the defendants' promise, as allegedly given, could not be fully performed within the year, and there is much to support the view that that fact, without more, ought be sufficient under the circumstances advanced on the plaintiff's behalf (21 *N. J. Super.* 281, 282) to bring the oral agreement within the statute. *Cf. Restatement, supra,* § 198; *Corbin, supra,* § 456. Such view would give sympathetic recognition to the underlying legislative policy of protecting against breach claims on oral undertakings of long term duration. But be that as it may, we accept the prevailing doctrine that within the statutory contemplation the employees' promise, as allegedly given, could likewise not be fully performed within the year, even though upon the exercise of their option to "quit at any time" nonperformance

thereafter would legally be excused. *Williston, supra,* §§ 496, 498; *Barnes v. P. & D. Manufacturing Co., supra.*
Affirmed.

*For affirmance*—Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—5.

*For reversal*—Chief Justice VANDERBILT and Justice HEHER—2.