Forte, J.
This is the plaintiff’s appeal of the allowance of the defendant’s Dist./ Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment on the basis of the Statute of Frauds.
The plaintiff’s complaint, filed sometime prior to the July 23,1990 return of service,[1] alleged that he and his now deceased wife loaned $20,000.00 to their son, the defendant; that the defendant had repaid only $5,000.00; and that the plaintiff was entitled to recover the balance due on the loan, together with interest.
By way of affirmative defense in his answer and again as grounds for his motion for summary judgment, the defendant asserted that the plaintiff’s action was barred by both the applicable Statute of Limitation[2] and the Statute of Frauds.
The allowance of the defendant’s motion for summary judgment was error.
Summary judgment shall be granted only where there are no genuine issues of material fact and where the moving party is entitled to judgment in his favor as a matter of law. Dist./Mun. Cts. R. Civ. R, Rule 56(c); Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). If the moving party sustains his burden, Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989), of establishing the absence of any triable issue and his entitlement to judgment in his favor, “the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Id. at 17. If an opposing affidavit shows a substantial issue of fact, summary judgment should not be granted even though the affidavit be disbelieved. Kesler v. Pritchard, 362 Mass. 132, 134 (1972).
In support of his summary judgment motion, the defendant submitted portions of the plaintiff’s deposition in which the plaintiff stated that he and his wife had loaned $20,000.00 to their son when the wife was about fifty-eight (58) years of age, and that the loan was to be repaid “when she was to reach 65.” As such evidence indicated that the defendant’s repayment would not occur until seven years after the loan and thus that the parties’ oral loan agreement could not be performed within one year, it was sufficient to demonstrate that the plaintiff’s action to recover upon such oral agreement was barred by the Statute of Frauds. Marble v. Clinton, 298 Mass. 87 (1937) (interpreting the Statute of Frauds as applicable to any *24 agreement necessarily requiring more than one year for performance.).
In opposition to the defendant’s summary judgment motion, the plaintiff filed the affidavit of Ann Carra, the plaintiffs daughter and the defendant’s sister. Carra therein quoted her mother as saying at the time of the loan to the defendant that “when we retire, we want the money back in the same way we’re giving it to you [emphasis supplied].” Because the plaintiff and his wife could have retired within one year, the defendant’s repayment of the loan and performance of the parties’ oral agreement could also have occurred within one year. The Statute of Frauds is inapplicable to such an oral contract.
It is clear, therefore, that the plaintiff successfully opposed the defendant’s summary judgment motion by demonstrating a material issue of fact for trial; namely, whether the loan was due and payable seven years after it was made, or was instead payable within one year. Given the existence of this issue of fact dispositive of the defendant’s Statute of Frauds defense, the defendant’s motion for summary judgment should have been denied. Accordingly, the judgment for the defendant is vacated, the court’s allowance of the defendant’s Rule 56 motion is reversed, and this action is returned to the Chelsea Division of the District Court Department for trial.
So ordered.

The docket does not indicate the date the complaint was filed. It should be unnecessary to point out the critical need for this information which is necessary not only when the defense of the Statute of Limitations is raised, but indeed in every case to enable the court to carry out its function of dismissing actions pursuant to Dist./Mun. Cts. R. Civ. R, Rule 4(j). Further, for tort actions and some actions in contract, the date of complaint filing is necessary for the computation of interest.

The defense of the Statute of Limitations was not briefed by the defendant and was eventually waived at oral argument.