Sidney G. Steeves *vs.* Edward B. Bowen & another.

Suffolk. December 12, 1911. — February 28, 1912.

Present: Rugg, C. J., Morton, Hammond, Braley, & Sheldon, JJ.

*Equity Pleading and Practice,* Decree dismissing bill without prejudice.

Upon a writ containing a bill in equity seeking to restrain the sale or transfer of certain securities which had been placed in the possession of the defendant by the plaintiff and upon which the defendant claimed a lien for a sum due him, an attachment of real estate of the defendant was made, various banks were summoned as trustees and a temporary injunction restraining the defendant as prayed for in the bill was issued. Thereafter the defendant offered to deposit the securities in court and moved that the attachments be dissolved. After negotiations between the parties, an interlocutory decree was entered by consent that, upon the delivery to the defendant by the plaintiff of a bond with a proper surety conditioned upon the plaintiff's paying to the defendant any indebtedness for which it should be determined in the suit that the defendant had a lien upon the securities, the defendant should deliver them to the plaintiff. This decree was performed by both parties. Thereafter, on motion of the plaintiff and against objection by the defendant, a decree was entered dismissing the bill without prejudice and with costs to the defendant, and the defendant appealed. *Held,* that the decree dismissing the bill should be reversed, as the defendant had acquired a right to have the suit proceed to a final determination.

Bill in equity, inserted in a trustee writ dated October 25, 1910. The bill alleged that the plaintiff employed the defendants to buy and sell upon margin for his account various securities

and commodities, intending that there should be no actual purchase or sale thereof, and that the defendants had reasonable cause to believe that the plaintiff so intended; that on account of such employment the plaintiff had delivered to the defendants certain shares of stock in certain corporations which the defendants still had in their possession and control, and which were so secreted and withheld that they could not be replevied, and that the plaintiff knew of no other property of the defendants which could be attached or taken on execution in an action at law. The prayers of the bill were that the defendants be enjoined temporarily from disposing of the shares of stock described, that they be adjudged to be indebted to the plaintiff for the value of such shares, and that they be ordered to deliver such shares or the value thereof to the plaintiff.

After the proceedings described in the opinion, the defendants filed a motion for specifications, and the plaintiff filed a "discontinuance" and a motion "that a final decree be ordered, 'Bill dismissed without prejudice,' with costs to the defendant." The plaintiff's motion was allowed by *Pierce*, J., and a final decree was entered accordingly. The defendants appealed.

Other facts are stated in the opinion.

*W. H. Rand, Jr.*, (*F. H. Stewart* with him,) for the defendants.

*F. Foster*, for the plaintiff.

MORTON, J. The principle on which this case rests is stated in *Kyle* v. *Reynolds, ante*, 110, and need not be restated here. The only question is whether the interlocutory decree and what was done under and pursuant to it constituted such a material change in the position of the defendants and gave them such a right to have the case proceed to a final determination as to render it inequitable to permit the plaintiff to dismiss his bill on payment of costs. We think that it did give them such right and that the dismissal of the bill as of right was wrong. The defendants held the certificates subject to a lien which they claimed to have upon them for what was due to them. The defendants in aid of their motion to have the attachments discharged brought the securities into court and offered to deposit them therein. Thereupon the plaintiff offered to agree to the dissolution of the attachments and injunctions if the securities were turned over to him, and to give a bond with surety conditioned to pay the amount of any indebtedness

for which it should be determined in said action that the defendants had a lien on the securities. The defendants accepted this offer and a bond satisfactory to them and conditioned also to pay what might be found due the defendants at law or in equity in respect of any transactions between certain specified dates was executed by the plaintiff with surety, and an interlocutory decree was entered by consent that upon the delivery to the defendants of the bond the securities should be delivered to the plaintiff and all injunctions dissolved and all attachments on personal property discharged and those on real estate reduced to $500 and the case referred to a master to hear the parties and find the facts. No master was appointed, but the other things specified in the decree were performed.

What was done must be taken to have been done pursuant to the interlocutory decree thus entered. The fact that the decree was entered by consent and embodied a prearrangement does not in any way alter the effect to be given to it. We think that the effect of the decree and of what was done pursuant to it was to put the defendants in a position where the dismissal of the suit operated materially to their prejudice and did more "than to make the path of the law a little more onerous," as the presiding justice held. Instead of retaining possession of the securities with a lien on them for what if anything was due them, the defendants surrendered them to the plaintiff and received therefor a bond one of the conditions of which was that the plaintiff should pay the defendants the amount, if any, up to $5,000, for which in any final decree it should appear that the defendants had a valid lien on the securities. By the dismissal of the bill the defendants have lost the benefit of this condition and the right to have the amount due them determined in the pending suit as the bond in effect provided. That is a substantial right of which they cannot and should not be deprived against their objection. It also would seem that their position was materially changed to their prejudice when they gave up the securities of which they had possession and on which they claimed a lien and received therefor a right of action on a bond. The result is that the decree dismissing the bill must be reversed.

*So ordered.*