JOHN B. BOLTON *vs.* JOHN M. VAN HEUSEN & another.

SAME *vs.* JOHN M. VAN HEUSEN.

Suffolk.    March 19, 1924. — June 12, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Discontinuance without prejudice, Demurrer,
   Exceptions.    *Frauds, Statute of.*

It is a general rule that a plaintiff in a suit in equity may have his bill
   dismissed on payment of costs as for want of prosecution and without
   prejudice unless something has been done in the case which entitles
   the defendant, on equitable grounds, to have the suit finally disposed
   of on the merits; but that, if there have been decrees or other proceed-
   ings whereby a defendant's situation has been changed and he has
   acquired rights, which did not exist or which had not been determined
   when the suit was brought and which render it equitable that these
   rights should be fully secured by further proceedings in the cause, the
   court, at the defendant's request, will retain the suit for a decision upon
   the merits.

In a suit in equity the plaintiff alleged that the defendant had employed
   him to make an invention upon an oral agreement that, if the plaintiff
   would apply for a patent covering the invention and would assign the
   application to the defendant, the defendant would finance the enter-
   prise of manufacturing and marketing the patented article and would
   pay the plaintiff a certain percentage of profits; that the patent had
   been procured and that the defendant had reaped large profits but had
   paid the plaintiff nothing.    The prayers were for an accounting, for
   jury issues and for injunctive relief.    After an interlocutory decree
   had been entered restraining the defendant from assigning the patents
   and royalty contract, and the defendant had filed an answer in which
   was embodied a special demurrer based on the ground that the contract
   was within the statute of frauds and was not in writing, and the de-
   murrer had been overruled, and a motion for jury issues had been filed
   and denied, and the plaintiff and the defendant both had filed appeals,
   the plaintiff moved that the bill be dismissed without prejudice on the
   payment of costs by him.    *Held,* that, the suit not having proceeded
   to such an extent as to change the situation of the defendant in any
   substantial aspect, and he having acquired no rights and gained no ad-
   vantage which did not exist or which had not been determined when
   the suit was instituted, it was proper to enter the decree asked for.

Where, from a record before this court on exceptions, it is apparent that
   the sustaining of a certain exception merely will enable the excepting
   party to prosecute an appeal on which he ought not to prevail, the in-
   terests of simple practice and of the speedy administration of justice
   require that the exception be overruled.

It was proper to overrule the demurrer of the defendant above described, since the agreement in conceivable circumstances might have been performed within a year.

BILL IN EQUITY, filed in the Superior Court on May 22, 1922, for an accounting and specific performance of an oral agreement as to royalties received from the use of an invention. Also, an action of

CONTRACT for the same cause of action as that set out in the bill in equity. Writ dated March 23, 1923.

Proceedings in the Superior Court relating to the discontinuance of the suit in equity, exceptions by the defendant to rulings by *Keating,* J., upon demurrers and other motions are described in the opinion, as also are proceedings on an answer in abatement in an action at law which was overruled by *Morton,* J.

In the suit in equity, the defendant alleged exceptions. The action of the trial judge upon the answer in abatement in the action at law was reported to this court for determination before further proceedings in the trial court.

*R. G. Dodge,* (*R. S. Wilkins* with him,) for the defendants.
*W. G. Thompson,* (*G. E. Mears* with him,) for the plaintiff.

RUGG, C.J. One of these cases is a suit in equity, the other an action at law. The suit in equity was instituted first. Summarily stated, the allegations of the bill are that the defendant Van Heusen (hereafter called the defendant) employed the plaintiff to invent a certain kind of collar and thereafter agreed orally with the plaintiff that, if he would apply for patents covering the invention and assign the applications for patents to the defendant, the latter would finance the obtaining of the patents and the marketing of the collar and pay the plaintiff thirty per cent of the profits derived from the ownership of the patents " either by way of royalties upon the sale of said collars, or in any other way "; that the patents were obtained; that the collar has been put on the market, and that the defendant has reaped large profits therefrom but has paid the plaintiff nothing. The prayers are for ascertainment of the amount due, for jury issues, for injunction against the transfer of patents and a royalty contract, for specific performance of the royalty

agreement in the future and for general relief. An inter-locutory decree was entered restraining the defendant from assigning the patents and royalty contracts. The defendant filed an answer in which was embodied a demurrer based on the ground that the alleged agreement was not in writing and could not be performed within a year. The interlocutory decree as to injunction subsequently was modified so as to permit the transfer of the patents upon specified conditions to a corporation owned by the defendant. A motion for the framing of issues to be tried to a jury was filed by the plaintiff. After hearing, the motion for jury issues was denied and the demurrer overruled. The plaintiff appealed and filed a bill of exceptions and the defendant appealed from the order overruling his demurrer.

After these proceedings, the plaintiff filed a motion in substance for an order dismissing the bill without prejudice on payment of costs. *Kempton* v. *Burgess*, 136 Mass. 192. At the hearing upon this motion, the defendant presented several requests for rulings to the effect that the plaintiff's motion ought to be denied as matter of law, and that the plaintiff had no right to discontinue. These requests were denied and the plaintiff's motion to dismiss was allowed. The defendant's exceptions bring the case here.

The principle of law governing the rights of parties as to the dismissal of a suit in equity is stated in the leading case of *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450, 452, in characteristically lucid words by Knowlton, J.: " The general rule seems to be that the court, on the plaintiff's motion, will dismiss his bill on payment of costs as for want of prosecution, unless something has been done in the case which entitles the defendant, on equitable grounds, to have the suit finally disposed of on the merits. If there have been decrees or other proceedings whereby a defendant's situation has been changed, and he has acquired rights which did not exist, or which had not been determined when the suit was brought, and which render it equitable that these rights should be fully secured by further proceedings in the cause, the court, at the defendant's request, will retain it for a decision upon the merits;

but when nothing has been done by the court or the parties that changes the position in which they were when the suit was begun, the rule is different." This principle has always been followed. The only difficulty which arises is in its application to varying sets of facts. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299. *Jackson* v. *Ensign,* 199 Mass. 116. *Kyle* v. *Reynolds,* 211 Mass. 110. *Steeves* v. *Bowen,* 211 Mass. 116. *Lumiansky* v. *Tessier,* 213 Mass. 182, 190. *Keown* v. *Keown,* 231 Mass. 404, 407. *French* v. *Brooke,* 241 Mass. 315, 317. *Bullivant* v. *First National Bank of Boston,* 246 Mass. 324, and cases there collected. *Ex parte Skinner & Eddy Corp.* 265 U. S. 86.

The case at bar had not proceeded to such an extent as to change the situation of the defendant in any substantial aspect.

The granting of a temporary injunction and its modification was a burden, not a right. While a restraint, it does not appear to have amounted to more than the inconvenience and annoyance incident to almost any proceeding in equity against any defendant. No advantage accrued to the defendant thereby with reference to the merits of the alleged cause of action.

The denial of the plaintiff's motion for jury issues was discretionary with the court. It seems to have been clearly proper and conferred no rights upon the defendant. It was merely a preliminary step in procedure not affecting the substantial rights of the parties.

The overruling of the defendant's demurrer was a decision against him. It was right. The agreement in conceivable circumstances might have been performed within a year. When it does not appear that a contract cannot in any event be performed within a year, then it is not within the statute of frauds and need not be in writing. That statute does not apply to contracts which may be performed within, although they may also extend beyond, that period. It was within the reasonable scope of the alleged agreement that the patents might be procured and profits realized by their sale all within a year. Perhaps in other ways the relations of the parties might rightly have been terminated within a year.

The case at bar seems to be governed by *Somerby* v. *Buntin,* 118 Mass. 279; *Rowland* v. *Hackel,* 243 Mass. 160, 162, and cases there collected.   G. L. c. 259, § 1, cl. 5.

It is assumed for the purposes of this case, but without so deciding, that " a plaintiff cannot as of course have his bill dismissed after a general demurrer has been overruled and the accruing of a right of appeal by the defendant, because the latter might prevail and thus secure an adjudication upon the merits of the cause."   *Keown* v. *Keown,* 231 Mass. 404, 408.   The defendant does not bring himself within this principle.   The demurrer in the case at bar was not general but special, being in terms grounded on the statute of frauds. Story Eq. Pl. § 455.   The bill was susceptible of amendment to cure this defect if the facts warrant such amendment.

The entire case on that point is apparent on this record. In the interests of simple practice and the speedy administration of justice, we should not sustain exceptions in a case like the present in order to enable a party to prosecute an appeal on which he ought not to prevail.

The defendant has gained no right or advantage by the overruling of his demurrer.   In a sense it is a gain to make progress in the defining of issues in any proceeding.   The overruling of a special demurrer touching a matter capable of amendment is not the doing of something which requires on equitable grounds that the suit be finally decided on its merits.   The defendant has acquired no rights which did not exist or which had not been determined when the suit was instituted.   The exceptions of the defendant disclose no error of law in the equity suit.

The action at law was begun on the day after the allowance of the plaintiff's motion to discontinue the equity suit. The defendant pleaded in abatement the pendency of the suit in equity for the same cause of action.   The plaintiff filed a replication to the answer, setting out in detail the proceedings in the suit in equity.   *Lajoie* v. *Milliken,* 242 Mass. 508, 517.   It was agreed that the essential facts averred in the replication were true for the purposes of the hearing.   The answer in abatement was overruled and the defendant's exception thereto reported.   It is conceded by

the defendant that, if the suit in equity was rightly dismissed, there was no error in overruling the answer in abatement.

In the suit in equity the exceptions are overruled. In the action at law the order overruling the answer in abatement is affirmed.

*So ordered.*