JOSEPH MARTIN, INC. *vs.* THOMAS A. McNULTY.

Essex.    May 3, 1938. — June 28, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Frauds, Statute of.    Contract,* What constitutes.

A finding, that an oral contract between the plaintiff and the defendant relating to a joint venture in the development and sale of real estate of the defendant was intended to be one that could not be performed in a year, and consequently that recovery by the plaintiff for breach thereof was barred because it was within the provisions of the statute of frauds, was not warranted by testimony of the plaintiff that, before any contract was entered upon, he told the defendant that he could sell the whole area "in a year after the thing had been developed so it could be sold."

CONTRACT by amendment from a bill in equity filed in the Superior Court on June 30, 1934.

At the trial before *Goldberg*, J., there was a verdict for the plaintiff in the sum of $11,500.  The defendant alleged exceptions.

*J. C. Roy,* for the defendant.

*J. W. Sullivan,* (*J. F. Doyle* with him,) for the plaintiff.

Cox, J.  This is an action of contract in which the plaintiff seeks to recover damages for the breach of an alleged oral agreement between the parties.  The case was heard by a jury which found for the plaintiff.  The defendant's exceptions are to the denial of his motion for a directed verdict and to the refusal of the trial judge to give certain rulings of law.  The defendant pleaded the statute of frauds.

The jury could have found that, in December, 1932, the defendant purchased at auction a large tract of undeveloped land in Marblehead, the deed to which was delivered on January 2 or 3, 1933, and entered into an oral agreement with the plaintiff whereby the latter was to develop and sell the land in houselots and the defendant was to pay all cost and expense of development and sales; that the land was to be sold for five cents a square foot, the plaintiff and defendant each to receive one cent for each foot sold, the defendant to receive in addition three cents for each foot sold until he had been fully reimbursed for the amounts paid by him in purchasing and developing the land; that when he had been so reimbursed, all receipts from sales were to be divided equally by the parties. In June, 1934, the defendant informed the plaintiff that there would be an advance in the selling price of the remaining lots from five cents to fifteen and twenty cents per square foot. The plaintiff refused to agree to any change in the original agreement. This advance in the price of the land was the breach upon which the plaintiff relied. Up to this time the defendant had advanced the money for development purposes and the plaintiff had supervised the work.

When the parties terminated their relations in June, 1934, five hundred eighty-four thousand, four hundred sixty-eight square feet of land had been sold and the defendant had been reimbursed for his capital expense but had not received all of the sum to which he was entitled at the rate of one cent per square foot. The remaining land was salable at five cents per square foot. Figures were in evidence showing the cost of future development and sales, the amount due the defendant and the plaintiff under the contract, and what the sales of the remaining land would total.

There was no reversible error in the refusal to give the defendant's requests for rulings, except as covered in the charge, which related to the question of damages. The judge left it to the jury to determine by the weight of the evidence, the burden of proof being on the plaintiff, how

much, if any, of the remaining land was salable at five cents per square foot; and what it would have cost the plaintiff if the contract had been performed. He reviewed the various arithmetical computations which were in evidence and finally left it to the jury to determine whether the "figures are sound; whether those expenses are reasonably sound, as you compute them."

The defendant excepted to the refusal of the judge to give the following requests: "13. If the Jury finds on all the evidence that the manifest intent and understanding of the parties, as gathered from the words used and the circumstances existing at the time, were that the contract was not to be executed within a year, then the jury must find for the defendant because the contract was not in writing. 14. If the Jury finds on all the evidence that the manifest intent and understanding of the parties, as gathered from the words used and the circumstances existing at the time, were that they did not contemplate a complete performance within a year, the Jury must find for the defendant, although the parties did not specify the time for performance, and even though there was a mere possibility of performance within a year." We think there was no error.

The general rule in this Commonwealth is that where an oral contract may, by its terms, be fully performed within the year it is not unenforceable by reason of the statute, G. L. (Ter. Ed.) c. 259, § 1, Fifth, although in some contingencies it may extend beyond the year. *Roberts* v. *Rockbottom Co.* 7 Met. 46, 48, and cases cited. *Lapham* v. *Whipple*, 8 Met. 59, 61. *Lyon* v. *King*, 11 Met. 411. *Bolton* v. *Van Heusen*, 249 Mass. 503, 506. See *Peters* v. *Westborough*, 19 Pick. 364, 366; *Doyle* v. *Dixon*, 97 Mass. 208, 211; *Somerby* v. *Buntin*, 118 Mass. 279, 286; *Collins* v. *Snow*, 218 Mass. 542, 545; *Bartlett* v. *Mystic River Corp.* 151 Mass. 433, 436; *Drew v. Wiswall*, 183 Mass. 554, 556; *Rowland* v. *Hackel*, 243 Mass. 160; *Coughlin* v. *McGrath*, 295 Mass. 499, 506; *Marble* v. *Clinton*, 298 Mass. 87, 89. The defendant argues that "Where the manifest intent and understanding of the parties as gathered from the words

used and circumstances existing at the time is that the contract shall not be executed within the year, the mere fact that the thing to be done may be done within the year will not prevent the statute from applying." Reliance is placed upon the discussion and collection of cases in Williston, Contracts (Rev. Ed.), § 500, where it is said that some courts hold that a contract, which cannot be performed within a year as the parties intend and expect that it shall be performed, though performance in a different way within that time is conceivably possible and if so made would satisfy the literal words of the contract, is within the statute. This class of cases is distinguished from those which are held not to be within the statute and where the contract can be performed, as the parties intend it shall be performed, within a year, though they fully expect that performance will take a longer period. The defendant also relies upon the following statement in Browne, St. of Frauds (5th ed.), § 281: "Where the manifest intent and understanding of the parties, as gathered from the words used and the circumstances existing at the time, are that the contract shall not be executed within the year, the mere fact that it is possible that the thing to be done may be done within the year, will not prevent the statute from applying. *Physical possibility* is not what is meant when it is said that if the verbal contract may be performed within a year it is binding. Or, to speak exactly, it is not enough that the thing stipulated may be accomplished in a less time; but such an accomplishment must be an execution of the contract according to the understanding of the parties." The leading case of *Boydell* v. *Drummond*, 11 East, 142, is there discussed, and it is said that Grose, J. said that, considering the nature of the work and of the prospectus which was the subject matter of the suit, it was "impossible to say that the parties *contemplated* that the work was to be performed within a year"; and the text writer goes on to say "And by the word *contemplated*, it is evident from the whole case that he meant *understood as matter of contract*." Our own case of *Peters* v. *Westborough*, 19 Pick. 364, 367, in discussing the

understanding of the parties as affecting the applicability of the statute, says that any understanding that the agreement was not to be performed within a year "is to be absolute and certain, and not to depend on any contingency." An examination of the contract in the case at bar fails to disclose any such certainty. There is not even a suggestion in the testimony of the defendant that any length of time for the performance of the contract was spoken of or even in his mind. It was his contention that sometime late in December, 1932, he engaged the plaintiff to supervise the development and sale of the land in question for one cent per square foot. The only testimony which by any possibility can bear upon any such understanding was from the plaintiff's president, to the effect that, prior to the time either party contended that any contract whatever was entered upon, he told the defendant that he could sell the total area "in a year after the thing had been developed so it could be sold." By no construction can this be said to be any part of the contract which the jury must have found to have been made. At most it was a mere expression of opinion made by one party prior to the making of an agreement. *Wellington* v. *Apthorp*, 145 Mass. 69. *Stewart* v. *Johnson*, 252 Mass. 287. Williston, Contracts (Rev. Ed.), § 26. Under no construction can it be said to warrant the conclusions that it constitutes the understanding of both parties that the agreement was not to be performed within a year and that any such understanding was absolute and certain. Compare, Am. Law Inst. Restatement: Contracts, § 25, and cases collected in Massachusetts Annotations, § 25.

*Exceptions overruled.*