*Agnes F. Drake-Bender,* pro se.

THE JOHNSON CLINIC, INC. *vs.* FREDERIC T. HUFFNAGLE. May 13, 1974. This is an appeal from a final decree on a bill in equity for an accounting which ordered the defendant to pay the plaintiff a sum of money plus interest. The judge made a report of material facts. He made findings, supported by the evidence designated, that the plaintiff, then a partnership of physicians engaged in group practice (now a corporation), entered into an oral agreement with the defendant, an orthopedic surgeon, under which the defendant would practice his specialty with the group and would pay over to the partnership (now the plaintiff) all fees earned in such practice. The defendant in turn was to be paid a salary and be furnished office space, equipment, and staff. The contract was for an indefinite period and was terminable at the will of the parties. The defendant failed to pay over to the plaintiff some of the fees he received, the amounts of which are not now in question. The only questions for our decision are whether the contract was within the Statute of Frauds (G. L. c. 259, § 1, Fifth) and whether, for that reason, we should order the dismissal of the plaintiff's bill. We hold that the contract was one capable of being performed within one year and thus not within the statute. *Bolton* v. *Van Heusen,* 249 Mass. 503, 506 (1924). *National Overall Dry Cleaning Co.* v. *Yavner,* 321 Mass. 434, 438 (1947). *Dunne* v. *Fall River,* 328 Mass. 332, 334 (1952). Williston, Contracts (3d ed.) § 495. Contrary to the defendant's contention, the contract was not one for a period of time in excess of one year and subject to defeasance or cancellation within that time. This case is therefore distinguishable from cases such as *Marble* v. *Clinton,* 298 Mass. 87, 89 (1937) (dicta). See Williston, Contracts (3d ed.) § 498A.

*Decree affirmed with costs.*

*Stuart I. August (Thomas F. Broderick* with him) for the defendant.

*Allen C. B. Horsley* for the plaintiff.