RICHARD TUCKER ASSOCIATES, INC. *vs.*
DONALD B. SMITH & another.[1]

Berkshire.    April 4, 1985. — August 12, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Frauds, Statute of. Broker,* Commission.

An oral contract between the plaintiff and the defendants for payment
of a real estate broker's commission, which expressly called for payment
of the commission over a period of years, was incapable of being per-
formed within one year of its making and, thus, was unenforceable by
reason of the Statute of Frauds, G. L. c. 259, § 1. [649-650]

CIVIL ACTION commenced in the Pittsfield Division of the
District Court Department on October 21, 1982.

The case was heard by *James J. Scullary,* J.

The case was submitted on briefs.

*Gerald A. Denmark* for the plaintiff.

*J. Norman O'Connor, Philip H. Grandchamp, John D.
Lanoue, & David B. Mongue* for the defendants.

LYNCH, J. The plaintiff appeals from an order of the Appel-
late Division reversing a judgment entered in his favor in the
Pittsfield Division of the District Court. The plaintiff sued to
recover $10,250 for the breach of an alleged oral contract for
a real estate broker's commission. The defendants asserted as
an affirmative defense that the alleged oral contract falls under
the Statute of Frauds, G. L. c. 259, § 1 (1984 ed.), because
the agreement could not be performed within one year of its
making. The trial judge found for the plaintiff and the defend-
ants claimed a report to the Appellate Division, which held
that the oral contract was not by its terms capable of full
performance within one year. The Appellate Division held,
therefore, that the contract was unenforceable and reversed

---

[1] Betty-Ann Smith.

the judgment of the District Court. We affirm the order of the Appellate Division.

The District Court judge found that in August or September, 1979, the defendants talked to the plaintiff concerning the sale or lease of property owned by the defendants in Pittsfield. The parties orally agreed that the premises should be leased for approximately $25,000 per year and that, upon arranging for the lease, the plaintiff would receive a commission of 6% of the rent for the first year, 5% of the rent for the second year, and 4% of the rent for the third and any subsequent years for which the premises were leased. The plaintiff brought the property to the attention of General Electric Company (G.E.) which later entered into a lease agreement with the defendants.[2] The lease agreement provided for annual rent of $83,000 for a three-year period commencing April 15, 1980,[3] with options for renewals up to five years beyond the original term. The defendants paid a total of $2,200 to the plaintiff, and admitted that they owed a balance of $1,550 to the plaintiff, based on their contention that they were to pay 6% of $25,000, plus 5% of $25,000, and 4% of $25,000, for a total of $3,750. The plaintiff contended that he was entitled under the contract to 6% of $83,000, plus 5% of $83,000 and 4% of $83,000, for a total of $12,450.

The only issue on appeal is whether the oral agreement falls within the Statute of Frauds, G. L. c.. 259, § 1, and is, therefore, unenforceable. The Appellate Division ruled that since the contract expressly called for payment over a period of years, it falls under G. L. c. 259, § 1.[4] We hold that the

---

[2] As a result of negotiations between G.E. and parties, the defendants agreed to make an addition to the existing building.

[3] The rent was payable in advance in equal monthly instalments.

[4] General Laws c. 259, § 1, provides, in relevant part: "No action shall be brought: . . . Fifth, Upon an agreement that is not to be performed within one year from the making thereof; Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."

Appellate Division properly concluded that the contract was not capable of full performance within one year. We have held that "where an oral contract may, by its terms, be fully performed within the year it is not unenforceable by reason of the [Statute of Frauds]." *Joseph Martin, Inc.* v. *McNulty*, 300 Mass. 573, 575 (1938). We look to the terms of the contract, as they reflect the understanding of the parties at the time they entered into the contract, to determine whether the agreement could have been performed within one year of its making. See *Growers Outlet, Inc.* v. *Stone*, 333 Mass. 437, 443 (1956); *Nickerson* v. *President & Fellows of Harvard College*, 298 Mass. 484, 486 (1937). We discern no basis for concluding that the agreement in this case could have been performed within one year.

The agreement called for the plaintiff to assist in arranging a lease of the defendants' property for a period of years. The parties clearly contemplated that the lease should continue for more than one year, and probably for at least three years. The agreement provided that the plaintiff was to receive, as a commission, a percentage of the rental received by the defendants during each year of the lease. The contract terms suggest that this would be paid to the plaintiff at the inception of each year of the lease. There is no evidence that the parties intended that the commission should be paid within one year after the contract was made. This is especially true where the parties contemplated a lease that could continue for an indefinite number of years. We hold, therefore, that the contract was not capable of full performance within one year of its making. The agreement falls within the Statute of Frauds, G. L. c. 259, § 1, and is unenforceable. In light of our ruling that the agreement is unenforceable, the plaintiff is not entitled to recover for any of the commission which is still due, even under the defendants' version of the agreement.

*Order of the Appellate Division affirmed.*