Staff, J.
This is an action based on an oral contract for a commission due plaintiff, real estate broker Tatarian, as a result of the sale of defendants’ business. The defendants Jose A. Pla and Geraldine C. Pla owned all of the stock of the defendant, J.C. Associates, Inc., which conducted a jewelry manufacturing business of which Jose A. Pla was the president.
The defendants filed no brief and were not permitted to argue. Although we are not required to pass on questions not argued in a brief [see Mass. Dist./Mun. Cts. R. Civ. P., Rule 64 (f)], we elect to address the questions raised by the two requests for rulings which were denied by the trial judge and reported to us..
We find no error.
On conflicting evidence, the court found that Jose A. Pla contacted Tim Tatarian to appraise the business and offer it for sale. Tatarian established a price of $220,000.00 for the business and the parties agreed that Tatarian was to receive a commission of ten percent of the sale price upon its sale. Tatarian found a buyer but did not participate in later negotiations.
In several rather complicated but related contracts, the buyer, the corporation, and Mr. Pla agreed essentially as follows and a sale took place:
1. The corporation would sell its physical assets and customer lists to the buyer for the sum of $60,000.00.
2. The corporation would provide consulting services to the buyer and would be paid at the rate of ten percent of the buyer’s gross sales so as to receive a total of $140,000.00 for those services at which time the agreement for sevices would terminate.
3. Pla agreed to work for the corporation during the term of the service agreement in order to provide services to the buyer and would be compensated by the corporation.
The plaintiff and the defendants never entered into any written agreement concerning the payment of a commission to the plaintiff.
The defendants contended that Tatarian was due a commission on the sale price of the assets of the corporation or $6,000.00 while Tatarian claimed that he was due a commission on the total monies paid to the corporation under the agreements or $20,000.00. It was conceded that $7,100.00 had been paid to Tatarian prior to the institution of this suit.
*43 The parties further agreed orally after the sale was made that the commission payments would be made over a five year period with no specific payment plan set forth.
The court found as a fact that the parties had orally agreed that Tatarian was due the total sum of $20,000.00 less the $7,100.00 already paid or $12,900.00.
The defendants filed the following requests for rulings of law to which the court responded:
1. That the oral agreement upon which the Plaintiff bases his claim falls within the Statute of Frauds, Mass. Gen. L. ch. 259, §1 and is therefore, unenforceable.
RESPONSE: Denied.
2. That the oral agreement upon which the Plaintiff bases his claim was a contract with the corporate Defendant, J.C. Associates, Inc., and not with the individual Defendants, Jose A. Pla and Geraldine C. Pla.
RESPONSE: Denied as being a request for a finding of fact.
Addressing the Statute of Frauds issue, it is evident from an examination of the facts of the case that the agreement as to the time of payment by the defendants was made after the original agreement, the agreement to pay the plaintiff a commission upon his finding a buyer for defendants’ property was made, and was subsidiary thereto. The original agreement might well have been performed within one year thus putting the agreement outside the Statute of Frauds.
As a general rule, the non-exclusive agreements made between real-estate brokers and the sellers of real estate for a commission on the sale of property are not within the Statute of Frauds. Palmer v. Wadsworth, 264 Mass. 18, 22 (1928).
It would make for queer and irrational law if the forbearance of the plaintiff in extending the time for payment of five years placed the agreement within the Statute of Frauds. Furthermore, the defendants could have paid the debt within one year thus placing the agreement outside the Statute, Warner v. Texas & Pacific Railway Company, 164 U.S. 418, 435 (1896); Bolton v. VanHeusen, 249 Mass. 503, 506 (1924).
Defendants’ second point — that the oral agreement was between the corporation and the plaintiff rather than Pla and the plaintiff — in the context presented raises no question of law, only fact, and the trial judge correctly denied the request. The court’s denial of a request for a factual finding presents no issue for appellate consideration. The appellate division is authorized to review only question of law, Walker v. Board of Appeals of Harwich, 388 Mass. 42, 45 (1983); Elliott v. Warwick Stores, Inc., 329 Mass. 406, 409 (1952); Mass. Gen. L. ch. 231, §108.
Report dismissed.