Alternative System v. Synopsys        CV-00-546-B    08/02/01

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Alternative System</u>
<u>Concepts, Inc.</u>

        v.                                     **Civil No. 00-546-B**
                                               Opinion No. 2001 DNH 142
<u>Synopsys, Inc.</u>


<u>**MEMORANDUM AND ORDER**</u>

Alternative System Concepts, Inc. ("ASC") entered into an agreement with Languages for Design Automation ("LEDA") to temporarily become LEDA's exclusive marketing agent for one of its product lines. The temporary agreement obligated LEDA and ASC to "negotiate in good faith a permanent agreement based on experiences during the term of [the agreement]." It also provided, however, that "[n]either LEDA nor ASC has any obligation in entering such a permanent agreement." LEDA was acquired by Synopsys, Inc. before LEDA and ASC reached a permanent agreement. Synopsys declined to negotiate with ASC after it acquired LEDA.

ASC has sued Synopsys in its capacity as LEDA's successor for breach of contract, misrepresentation, and breach of the

implied duty of good faith and fair dealing.  It has also sued Synopsys based on its own conduct for interference with a contractual relationship.  Snyopsys moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## I.  BACKGROUND[1]

LEDA and ASC entered into a "Letter of Understanding" ("LOU") pursuant to which ASC became the exclusive marketing agent for LEDA's Proton product line in the United States from April 1, 1999 until September 30, 1999.  The LOU stated that "LEDA and ASC will negotiate in good faith a permanent agreement based on experiences during the term of this LOU.  Neither LEDA nor ASC has any obligation in entering such a permanent agreement."  LOU, Exh. A to Def.'s Mot. to Dismiss, (Doc. No. 14), ¶ 19.

In September 1999, LEDA orally agreed to extend the area covered by the agreement to include Canada.  In October 1999, the parties orally agreed to extend the term of the agreement for a reasonable period after the introduction of a new version of the

---

[1]  Unless otherwise indicated, I take the background facts from ASC's First Amended Complaint ("Cplt."), (Doc. No. 12).

Proton product line.

LEDA resisted efforts by ASC to negotiate a permanent marketing agreement during the fall of 1999. Snyopsys ultimately acquired LEDA and assumed all of its liabilities in January 2000. Thereafter, it terminated negotiations with ASC.

## II. <u>STANDARD OF REVIEW</u>

A motion to dismiss based on Fed. R. Civ. P. 12(b)(6) requires the court to accept the complaint's well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. See <u>Blackstone Realty LLC v. Fed. Deposit Ins. Corp.</u>, 244 F.3d 193, 197 (1st Cir. 2001); <u>Washington Legal Found. v. Massachusetts Bar Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993). I may dismiss the complaint only if, when viewed in this manner, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. See <u>Tompkins v. United Healthcare of New England, Inc.</u>, 203 F.3d 90, 93 (1st Cir. 2000) ("The complaint will survive as long as it pleads sufficient facts to warrant recovery on any cognizable theory of the case."); <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988).

The threshold for stating a claim under the federal rules "may be low, but it is real." <u>Gooley</u>, 851 F.2d at 514. While I must construe all well-pleaded facts in the plaintiff's favor, I need not accept a plaintiff's "unsupported conclusions or interpretations of law." <u>Washington Legal Found.</u>, 993 F.2d at 971; <u>see</u> <u>Rogan v. Menino</u>, 175 F.3d 75, 77 (1st Cir. 1999).

I apply this standard in reviewing defendant's motion to dismiss.

## III.  DISCUSSION

ASC asserts claims for: (1) breach of contract; (2) misrepresentation; (3) interference with contractual relations; and (4) breach of the implied covenant of good faith and fair dealing.  I address each claim in turn.

## A.  Breach of Contract

ASC claims that Synopsys is liable for LEDA's breach of its contractual duty to make a good faith attempt to negotiate a permanent agreement.  Synopsys argues that this claim is defective because ASC has failed to allege sufficient facts to support its claim.  I disagree.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The system of notice pleading established by the Federal Rules does not require a detailed recitation of the facts supporting a claim. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). Here, ASC has alleged all of the elements of a breach of contract claim and sufficient supporting facts so that the claim can be understood. Nothing more is required at this stage of the litigation.[2]

## B. Misrepresentation

ASC alleges that LEDA misrepresented its relationship with Synopsys by assuring ASC that the relationship with Synopsys was a "technical partnership which would not affect the ASC-LEDA

_____

[2] Snyopsis mistakenly assumes that ASC is claiming a breach of an oral agreement to grant it an exclusive marketing agreement for Proton products in Canada. It then challenges this purported claim based on the statute of frauds. In reality, ASC is claiming that LEDA breached its contractual obligation to make a good faith effort to negotiate a permanent marketing agreement that initially covered the United States and later was amended to include Canada. Because negotiations concerning this agreement could be fully completed within one year, any breach of the agreement to negotiate in good faith is not subject to the statute of frauds. See Phillips v. Verax Corp., 138 N.H. 240, 245 (1994) (quoting Davis v. Grimes, 87 N.H. 133, 135 (1934)).

-5-

relationship." Cplt. ¶ 24.  ASC contends that it relied on this false information to its detriment.  Id. ¶ 26.

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud must be plead with specificity. Accordingly, the complaint must specify the "time, place, and content of the alleged false or fraudulent representations." Powers v. Boston Cooper Corp., 926 F.2d 109, 111 (1st Cir. 1991).

ASC charges that LEDA's representations about its relationship with Synopsys were false and that LEDA "intended for ASC to rely upon this information." Cplt. ¶¶ 25, 26.  However, ASC has not provided any details as to when the statements were made; where they were made; who they were made by; who were they made to; and what exact actions resulted from the false statements.  See Powers, 926 F.2d at 111.

Accordingly, I grant Synopsys' motion to dismiss this claim.

C.   **Interference with Contractual Relations**

ASC claims that Synopsys intentionally interfered with the contractual relationship between LEDA and ASC, causing LEDA to: (1) delay in negotiating in good faith a permanent contract with ASC; and (2) renege on its decision to grant ASC the Canadian distributorship.

To prove tortious interference with contractual relations in New Hampshire, a plaintiff must show that: (1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant intentionally and improperly interfered with this relationship; and (4) the plaintiff was damaged by such interference. <u>Jay Edwards, Inc. v. Baker</u>, 130 N.H. 41, 46 (1987).

Synopsys contends that because it has acquired LEDA, it cannot have committed tortious interference against itself. The purchase, however, did not occur until January of 2000. ASC alleges that Synopsys interfered with its contractual relationship with LEDA prior to the acquisition.

Accordingly, I deny Synopsys' motion to dismiss this claim.

## D. Breach of the Implied Covenant of Good Faith and Fair Dealing

ASC claims that LEDA breached the implied covenant of good faith and fair dealing inherent in their agreement by refusing to negotiate a permanent agreement in good faith.

"Under New Hampshire law, every contract contains an implied covenant of good faith performance and fair dealing." <u>Renovest Co. v. Hodges Dev. Corp.</u>, 135 N.H. 72, 81 (1991). In

New Hampshire, however, "a breach of contract standing alone does not give rise to a tort action. If, however, the facts constituting the breach of the contract also constitute a breach of a duty owed by the defendant to the plaintiff independent of the contract, a separate claim for tort will lie." Lawton v. Great Southwest Fire Ins. Co., 118 N.H. 607, 613 (1978) (internal citation omitted); see also Centronics Corp. v. Genicom Corp., 132 N.H. 133, 137 (1989) ("[G]iven this jurisdiction's clear law that a breach of contract does not sound separately in tort . . . the trial court treated the covenant of good faith mentioned in count two as the term said to have been breached under count one, and we will accept that merger of pleading." (internal citation omitted)).

ASC has not claimed that Synopsys breached any duty independent of the agreement. Consequently, ASC's good faith and fair dealing claim is redundant because it will be addressed in its claim for breach of contract.

Accordingly, I grant Synopsys' motion to dismiss ASC's claim for breach of the implied covenant of good faith and fair dealing.

## IV.  CONCLUSION

For the foregoing reasons, I deny Synopsys' motion to dismiss, (Doc. No. 14), ASC's breach of contract and interference with contractual relations claims and grant the motion with regard to ASC's misrepresentation and covenant of good faith and fair dealing claims.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

August 2, 2001

cc:   John P. Griffith, Esq.
      Chris Scott Graham, Esq.
      Irvin D. Gordon, Esq.