Nickerson, Gary A., J.
This action arises from a dispute over proceeds realized from a sale of property formerly owned by a limited liability company, STETS *568 & Co., LLC. Rose Marasco intervened as a defendant and seeks repayment of $615,000 she claims she is owed by STETS & Co., LLC and its members. Plaintiff William Marasco now moves for Judgment on the Pleadings pursuant to Mass.R.Civ.P. 12(c) with respect to Rose Marasco’s counterclaim. For the following reasons, the plaintiffs motion for Judgment on the Pleadings is DENIED.
Background
The following facts, as set forth in Rose Marasco’s counterclaim, are assumed to be true for the purposes of this motion. William Marasco initially filed suit seeking recovery of money he is allegedly owed as a former member of STETS & Co., LLC. He named the company and his siblings, Maria Marasco and Paul Marasco, as defendants in that action. The three Marasco siblings served as the only members of STETS & Co., LLC. Rose Marasco, mother to all parties involved, intervened and brought a counterclaim against William Marasco, as well as a cross claim against Maria Marasco and Paul Marasco and STETS & Co., LLC. Both claims are for recovery of $615,000. Her counterclaim further alleges that William Marasco intentionally interfered with the contractual obligation of STETS & Co., LLC by initiating litigation solely to deplete company assets and thus render payment to her impossible.
The disputed payment arises from a conveyance of real property on February 24, 1997 from the Marasco Nominee Trust to STETS & Co., LLC for $1,400,000. The real properly, located at 70 Flagship Drive in North Andover, was previously purchased by Rose Marasco and her late husband and subsequently developed into an office and industrial building. At the time of the conveyance, Rose Marasco was the sole beneficiary of the Marasco Nominee Trust, of which Maria Marasco served as trustee. In order to purchase the property, STETS & Co., LLC gave a mortgage to Family Bank for $1,200,000 and a second mortgage to Rose Marasco for $300,000. Additionally, STETS & Co., LLC and each of its members verbally promised to pay Rose Marasco $615,000 upon the sale of the property to any unrelated third party.
The disputed $615,000 was money owed to Rose Marasco from a lost rental income payment as part of an insurance recovery. On February 2, 1987, the roof was badly damaged and the building was unhabitable for a period of time. During that time, the Marasco Nominee Trust was unable to collect rents, resulting in escalating debts and a threat of foreclosure. Upon receipt of insurance proceeds, the Marasco Nominee Trust depleted the funds in repaying debt arrearage to prevent foreclosure. Consequently, funds were exhausted before lost rental income could be reimbursed.
When the real property was conveyed from the Marasco Nominee Trust to STETS & Co., LLC on February 24, 1997, the debt for $615,000 remained unpaid. Pursuant to an oral agreement between Rose Marasco and the members of STETS & Co, LLC, the payment was to become due upon the resale of the property to an unrelated third party. On or about November 11, 2005, Maria Marasco and Paul Marasco conveyed the real property to themselves as partners, doing business as 70 Flagship Realty. At the time of this conveyance, the $300,000 second mortgage to Rose Marasco was paid off, but the $615,000 lost rental debt remained.
Maria Marasco and Paul Marasco conveyed the property to an unrelated third party on or about August 23, 2006 and they maintained the intention of repaying the $615,000 owed to Rose Marasco. William Marasco denies that such an agreement ever existed and has refused payment to Rose Marasco in both his individual capacity and also as an obligation of STETS & Co., LLC. Alternatively, he argues that the oral agreement made at the time of the conveyance in 1997 is barred by the Statute of Frauds for lack of a writing because the promise was not performed within one year of its creation.
Discussion
In the instant case, “defendant’s rule 12(c) motion is ‘actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted.’ ” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting James W. Smith & Hiller B. Zobel, Rules Practice §12.16 (1974). A judgment on the pleadings, when brought by the defendant, is the functional equivalent of a Mass.R.Civ.P. 12(b)(6) motion to dismiss. See id. at 530. William Marasco is the defendant with respect to this counterclaim and thus Mass.R.Civ.P. 12(b)(6) will control.
In evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Nader v. Citron, 372 Mass. 96, 98 (1977). A motion to dismiss pursuant to this rule should not be allowed “unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Id. The Supreme Judicial Court has recently refined the standard for evaluating the sufficiency of complaints for motions to dismiss for failure to state a claim. See Iannacchino v. Ford Motor Company, 451 Mass. 623, 635-36 (2008).
Under this new standard, a complaint’s “(f)actual allegations must be enough to raise a right to relief above the speculation level... [based] on the assumption that all allegations in the complaint are true . . .” Id. at 636, quoting Bell Atl. Corp. v. Trombly, 127 S.Ct. 1955, 1964-65 (2007). The Court went on to state that pleadings require “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief...” Id.
In applying either standard to the instant case, Rose Marasco’s factual allegations regarding the exis *569 tence of an oral agreement are sufficient to survive plaintiffs motion to dismiss. The Court in Iannacchino maintained the standard that all allegations in the complaint are assumed to be true for the purposes of a Mass.R.Civ.P 12(b)(6) motion. As such, the plaintiffs generalized denial regarding his participation in the verbal agreement is an insufficient basis for dismissal.
Moreover, William Marasco’s answer raises a genuine issue of material fact regarding whether he participated in the oral agreement alleged by Rose Marasco. When material facts are in dispute, a judgment on the pleadings must be denied. See Canter v. Planning Board of Westborough, 7 Mass.App.Ct. 805, 808 (1979). His factual denial of Rose Marasco’s allegations in her counterclaim raise such issues that may not be resolved by his motion for judgment on the pleadings.
With respect to William Marasco’s Statute of Frauds argument, “(t]he defense of the Statute of Frauds may be raised by a motion to dismiss . . . when the complaint shows on its face that the plaintiffs claim is based upon an oral agreement which is unenforceable by virtue of the statute.” Rozene v. Sverid, 4 Mass.App.Ct. 461, 463-64 (1976). The agreement in question concerns a verbal promise allegedly made by William Marasco, Maria Marasco, and Paul Marasco to pay Rose Marasco $615,000 upon the sale of real property to a third-party buyer. William Marasco argues that this alleged oral contract is barred by the Statute of Frauds, G.L.c. 259, §1, because the contract was not performed within one year of its creation. Massachusetts courts “have held that ‘where an oral contract may, by its terms, be fully performed within the year it is not unenforceable by reason of the [Statute of Frauds].’ ” Richard Tucker Associates, Inc. v. Smith, 395 Mass. 648, 650 (1985), quoting Joseph Martin, Inc. v. McNulty, 300 Mass. 573, 575 (1938).
The relevant inquiry is whether the contract is capable of performance within one year rather than whether performance is likely within one year. The Statute “does not apply to contracts which may be performed within, although they may also extend beyond, that period.” Rowland v. Hackel 243 Mass. 160, 162 (1922). In the instant case, the payment promise did not delineate a specific time period for performance and could have been performed within one year, although that was not ultimately the case. An oral contract is not within the Statute of Frauds unless there is an express stipulation or apparent understanding that the contract could not be performed within one year. See In re Furst, 914 F.Sup. 734, 738 (D.Mass. 1996). Thus, the contract is not within the Statute of Frauds merely because the promise remained unfulfilled after a year had elapsed and is not barred for lack of a writing.
Order
For the foregoing reasons, it is hereby ORDERED that William Marasco’s motion for judgment on the pleadings pursuant to Mass.R.Civ.R 12(c) be DENIED.